**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
AHMED HASSANEIN,

       Plaintiff,     **REPORT AND**
                **RECOMMENDATION**
  - against -

                09-CV-2127 (DLI) (JO)

DELI ON RYE, et al.,

       Defendants.
-------------------------------------------------------------X

**JAMES ORENSTEIN, Magistrate Judge:**

  Plaintiff Ahmed Hassanein ("Hassanein") has accused defendants Deli on Rye, Edward Shapiro, Andrew Balter, and several unknown and unnamed defendants of, among other things, failing to pay the wages required under federal law for the regular and overtime hours he worked as their employee; he therefore seeks damages and other relief pursuant to 29 U.S.C. § 207. Docket Entry ("DE") 1 (Complaint). Hassanein served process on the named defendants in June 2009. DE 2; DE 3; DE 4. No party has taken any further action in the case in the four months since then, and Hassanien in particular has done nothing either to prosecute his case or to seek relief on the basis of the defendants' default. In addition, Hassanien has ignored a court order directing him to take action and warning him of the possible consequences of noncompliance. DE 5. I therefore respectfully recommend that the court dismiss this action pursuant to Federal Rule of Civil Procedure ("Rule") 41(b).

I. <u>Background</u>

  On September 21, 2009, more than four months after Hassanein filed his Complaint, I issued the following order:

> No later than October 21, 2009, one of the following events must occur: (a) the defendant must file an answer, (b) the parties must file a stipulation extending the defendant's time to answer, or (c) the plaintiff must file a motion for the entry of a

notation of default. If none of the preceding events occurs by the deadline set forth above, I will deem the plaintiff to have abandoned the case and will promptly file a Report and Recommendation urging the assigned District Judge to dismiss the case for failure to prosecute. The plaintiff's counsel is directed to provide a copy of this order to his client and to the defendants.

DE 5. None of the specified events occurred.

II. Discussion

A district court has the inherent power to manage its own affairs so as to achieve the orderly and expeditious disposition of cases. *Lewis v. Rawson*, 564 F.3d 569, 575 (2d Cir. 2009) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)). Consistent with that inherent authority, the Federal Rules of Civil Procedure explicitly empower a district court, in the exercise of its sound discretion, to dismiss an action "[i]f the plaintiff fails to prosecute[.]" Rule 41(b); *see Lewis*, 564 F.3d at 575 (noting that standard of review is abuse of discretion).

Because dismissal on such grounds is unquestionably a "harsh remedy" that should be used only in "extreme situations," *Lewis*, 564 F.3d at 576 (internal citations omitted), a court considering such an action should examine five factors. Specifically, the court should consider whether

> (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

*Id.* (quoting *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004)). No one factor is dispositive. *Id*. In weighing the five factors, the court must consider the record of the entire case as a whole. *Id*. A court may find the standard for dismissal satisfied where it finds a "pattern of dilatory conduct" or "an action lying dormant with no significant activity to

move it." *Barahman v. Sullivan*, 1992 WL 226293, at *1 (E.D.N.Y. May 15, 1992) (citing *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982)).

All four applicable factors weigh in favor of dismissal. First, Hassanein has allowed his case to lie "dormant with no significant activity" for several months. *Id*. Second, his inaction has continued even in the face of an explicit warning that such behavior could result in the dismissal of his claims. Third, applicable case law establishes a presumption that a plaintiff's unreasonable delay will normally prejudice the defendants. *See*, *e.g.*, *Shannon v. General Elec. Co.*, 186 F.3d 186, 195 (2d Cir. 1999) (citing *Lyell Theatre Corp.*, 682 F.2d at 43).[1] Fourth, although the case has not cluttered the court's docket for very long, there is no sign that it will move forward in the future; moreover, Hassanein's right to an opportunity for a day in court has been thoroughly vindicated – notwithstanding the fact that Hassanein has inexplicably squandered that opportunity. Finally, no lesser sanction than dismissal is likely to be effective in light of Hassanein's failure to respond to my order directing him to take action on pain of possible dismissal.

III.  Recommendation

For the reasons set forth above, I respectfully recommend that the court dismiss the Complaint for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. Any objections to this Report and Recommendation must be filed no later than

---

[1] The weight of this factor is unquestionably lessened – but the presumption itself is not obliterated – by the fact that the defendants have defaulted. The defendants' default does not preclude the possibility that they will later seek to answer the complaint and vacate the default. *See State Street Bank and Trust Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 166-67 (2d Cir. 2004) (setting forth the standard for vacating an entry of default or default judgment pursuant to Rule 60(b)). If that happens, there would still be reason to presume prejudice to the defendants arising from Hassanien's indolence "because delay by one party increases the likelihood that evidence in support of the other party's position will be lost and that discovery and trial will be made more difficult." *Shannon*, 186 F.3d at 195.

November 16, 2009. Failure to file objections within this period waives the right to appeal the District Court's order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *Beverly v. Walker*, 118 F.3d 900 (2d Cir. 1997); *Savoie v. Merchants Bank*, 84 F.3d 52 (2d Cir. 1996).

**SO ORDERED.**

Dated: Brooklyn, New York
      October 28, 2009

/s/ James Orenstein
JAMES ORENSTEIN
U.S. Magistrate Judge